■ Derrick Carty et al., Respondents, v City of New York, Defendant, Yonkers Construction Co., Inc., Appellant, and Raul Marcell Dickson et al., Respondents. [811 NYS2d 771]—

In an action to recover damages for personal injuries, etc., the defendant Yonkers Contracting Company, Inc., sued herein as Yonkers Construction Co., Inc., appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 10, 2004, as denied those branches of the motion made

by it and the defendant City of New York which were for summary judgment dismissing the complaint, all cross claims, and all counterclaims insofar asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the motion which were for summary judgment dismissing the complaint, all cross claims, and all counterclaims insofar as asserted against the appellant are granted, the complaint, all cross claims, and all counterclaims insofar as asserted against the appellant are dismissed, and the action against the remaining defendants is severed.

On January 13, 1994, the plaintiff Derrick Carty (hereinafter Carty) was injured when the vehicle he was driving on the Manhattan Bridge came into contact with a vehicle being driven by the defendant Raul Marcell Dickson. Dickson claims that he lost control of his vehicle after it was struck by a piece of ice that fell from the bridge. At the time, the appellant was performing certain reconstruction and rehabilitation work on the Manhattan Bridge pursuant to a contract with the New York City of Department of Transportation (hereinafter the DOT). Carty and his wife sued the City of New York, the appellant, Dickson, and Dickson's employer, Er-Sherri Construction, Inc. (hereinafter Er-Sherri).

As relevant to this appeal, the City and the appellant moved, inter alia, for summary judgment dismissing the complaint, all cross claims, and all counterclaims insofar as asserted against the appellant. The Supreme Court denied the motion.

We reverse. Yonkers made a prima facie showing of entitlement to judgment as a matter of law on the ground that, under the subject contract with the DOT, it owed no duty to the plaintiffs to rectify the condition that allegedly caused the accident (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition to the motion, the plaintiffs, and Dickson and Er-Sherri failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra*).

Accordingly, the Supreme Court should have granted those branches of the motion which were for summary judgment dismissing the complaint, all cross claims, and all counterclaims insofar as asserted against the appellant. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.